**EXHIBIT A**

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| BRISTOL, SS. | SUPERIOR COURT<br>CIVIL ACTION NO.: |
| AMIT PATEL,<br>    Plaintiff ) ) ) | |
| vs. ) ) | AMENDED COMPLAINT<br>AND JURY CLAIM |
| CON-WAY FREIGHT INC. AND<br>RONALD BORDEN<br>    Defendants ) ) ) ) | |

## THE PARTIES

1. The plaintiff, Amit Patel, is an individual residing in Taunton, Bristol County, Massachusetts.

2. The defendant, Con-way Freight Inc. is a Delaware corporation which, at the time of the accident, conducted business in Massachusetts.

3. The defendant, Ronald Borden, is an individual residing in Coventry, Rhode Island, who, at the time of the accident, conducted business in Massachusetts.

## THE FACTS

4. On or about May 18, 2011, the plaintiff, Amit Patel, was operating his vehicle in the exercise of due caution, on Eddy Street in Taunton, Massachusetts.

5. At the same time, the defendant, Ronald Borden, while under the employ of defendant Con-way Freight Inc., was operating a tractor-trailer owned or controlled by the defendant, Con-way Freight Inc. on Eddy Street in Taunton, Massachusetts.

6. The defendant, Ronald Borden negligently operated his tractor-trailer in such a way as to strike the plaintiff's vehicle.

7. At the time of the accident, the defendant, Ronald Borden, was employed by and/or a servant and/or an agent of the defendant, Con-way Freight Inc., and was acting in the course of such employment/agency.

8. As a result of such accident, the plaintiff, Amit Patel, sustained serious physical, and has been required to incur medical expenses, has lost earning capacity, and suffered great pain of body and mind.

## COUNT I - NEGLIGENCE
### Ronald Borden

9. The plaintiff repeats and realleges paragraphs 1-8 as if set forth fully herein.

10. It was the duty of the defendant, Ronald Borden, to use reasonable care in the operation of his vehicle.

11. In violation of this duty, the defendant, Ronald Borden, negligently operated his vehicle causing personal injury to plaintiff, Amit Patel.

12. As a direct and proximate result of the negligence, carelessness and recklessness of the defendant, Ronald Borden, the plaintiff was caused to suffer great pain of body and anguish of mind, and has been put to great expense for medical care, and has suffered other compensable claims.

WHEREFORE, the plaintiff, Amit Patel, demands judgment against the defendant, Ronald Borden, for his damages together with interest, costs and whatever other relief the Court deems just.

## COUNT II – VICARIOUS LIABILITY
### Con-way Freight Inc.

13. The plaintiff repeats and realleges paragraphs 1-12 as if set forth fully herein.

14. The defendant Ronald Borden, was, at all times referred to herein, an employee and/or agent of Con-way Freight Inc., and acting in the course and scope of his employment/agency of Con-way Freight Inc. at the time he committed the negligent acts referenced above.

15. The defendant, Con-way Freight Inc. is therefore vicariously liable for the damages caused by its servants, agents and/or employees.

16. As a result the plaintiff was injured, suffered great pain of body and anguish of mind, and has been put to great expenses for medicine and medical care, and has suffered other compensable claims.

WHEREFORE, the plaintiff, Amit Patel, demands judgment against the defendant, Con-way Freight Inc., for his damages together with interest, costs and whatever other relief the Court deems just.

## COUNT III – LIABILITY UNDER M.G.L. CH. 231 § 85A
### Con-way Freight Inc.

17. The plaintiff repeats and realleges paragraphs 1-16 as if set forth fully herein.

18. At the time of the accident referred to herein, the defendant, Con-way Freight Inc., was the registered owner of the vehicle operated by the defendant, Ronald Borden.

19. The defendant, Ronald Borden was operating the Con-way Freight Inc. vehicle under the control of defendant, Con-way Freight Inc, and Con-way Freight is legally responsible for his actions under M.G.L. Ch. 231, § 85A.

WHEREFORE, the plaintiff, Amit Patel, demands judgment against the defendant, Con-way Freight, Inc., for his damages together with interest, costs and whatever other relief the Court deems just.

## JURY CLAIM

The plaintiff claims a trial by jury.

Francis J. Lynch, III   BBO No. 308740
Peter E. Heppner        BBO No. 559504
LYNCH & LYNCH
45 Bristol Drive
South Easton, MA 02375
(508) 230-2500
pheppner@lynchlynch.com

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF BRISTOL | DOCKET NO. _____ |
|---|---|---|
| **PLAINTIFF(S)** Amit Patel | | **DEFENDANT(S)** Con-way Freight Inc. and Ronald K. Borden |

| Plaintiff Atty | Peter E. Heppner, Lynch & Lynch | Type Defendant's Attorney Name | |
|---|---|---|---|
| Address | 45 Bristol Drive | Defendant Atty | |
| | | Address | |
| City | South Easton  State MA  Zip Code 02375 | City      State    Zip Code | |
| Tel. | +1 (508) 230-2500  BBO# 559,504 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.     TYPE OF ACTION (specify)     TRACK          IS THIS A JURY CASE?

B03 Motor Tort Negligence-personal injury/property damage - Fast Tr     ⦿ ] Yes  ○ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ................................................. $ 13,723.00
 2. Total doctor expenses .................................................. $ 26,515.52
 3. Total chiropractic expenses .......................................... $
 4. Total physical therapy expenses .................................... $ 9,554.00
 5. Total other expenses (describe) x-rays, MRI, TENS unit, prescriptions $ 6,374.29
                                                          Subtotal $ 56,166.81
B. Documented lost wages and compensation to date ................ $
C. Documented property damages to date .............................. $
D. Reasonably anticipated future medical expenses ................. $ unknown
E. Reasonably anticipated lost wages and compensation to date ... $ unknown
F. Other documented items of damages (describe)
                                                                    $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff was traveling on Eddy Street in Taunton when he approached an intersection and stopped in traffic behind a tractor-trailer, owned and/or operated by the defendants. Suddenly and without warning the     Total $ +100,000.00
tractor trailer began backing up, striking plaintiff's vehicle and pushing him several feet backward.

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

|  |
|---|
|  |

TOTAL $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

AI hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.

Signature of Attorney of Record _____  Date: 5/6/14
A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| * CONTRACTS | * REAL PROPERTY | MISCELLANEOUS |
|---|---|---|
| A01 Services, Labor and Materials (F) | C01 Land Taking (eminent domain) (F) | E02 Appeal from Administrative Agency G.L. c. 30A (X) |
| A02 Goods Sold and Delivered (F) | C02 Zoning Appeal, G.L. c.40A (F) | E03 Claims against Commonwealth or Municipality (A) |
| A03 Commercial Paper (F) | C03 Dispute concerning title (F) | E05 Confirmation of Arbitration Awards (X) |
| A08 Sale or Lease of Real Estate (F) | C04 Foreclosure of mortgage (X) | E07 G.L. c.112, s.12S (Mary Moe) (X) |
| A12 Construction Dispute (A) | C05 Condominium Lien & Charges (X) | E08 Appointment of Receiver (X) |
| A99 Other (Specify) (F) | C99 Other (Specify) (F) | E09 General Contractor bond, G.L. c. 149, ss. 29, 29a (A) |
| E03 Claims against Commonwealth or Municipality (A) | E03 Claims against Commonwealth or Municipality (A) | E11 Workers Compensation (X) |
| | | E12 G.L.c.123A, s.12 (SDP Commitment) (X) |
| *TORT | -- EQUITABLE REMEDIES | E14 G.L. c. 123A, s. 9 (SDP Petition) |
| B03 Motor Vehicle Negligence- personal injury/property damage (F) | D01 Specific Performance of Contract (A) | E15 Abuse Petition, G. L. c. 209A (X) |
| B04 Other Negligence- personal injury/property damage (F) | D02 Reach and Apply (F) | E16 Auto Surcharge Appeal (X) |
| B05 Products Liability (A) | D06 Contribution or Indemnification (F) | E17 Civil Rights Act, G.L. c.12, s. 11H (A) |
| B06 Malpractice-Medical (A) | D07 Imposition of a Trust (A) | E18 Foreign Discovery Proceeding (X) |
| B07 Malpractice-Other (Specify) (A) | D08 Minority Stockholder's Suit (A) | E19 Sex Offender Registry G.L. c. 178M, s. 6 (X) |
| B08 Wrongful Death, G.L. c.229, s.2A (A) | D10 Accounting (A) | E21 Protection from Harassment c 258E (X) |
| B15 Defamation (Libel-Slander) (A) | D12 Dissolution of Partnership (F) | E25 Plural Registry (Asbestos cases) |
| B19 Asbestos (A) | D13 Declaratory Judgment G.L. c. 231A (A) | E95 **Forfeiture G.L. c. 94C, s. 47 (F) |
| B20 Personal Injury- slip & fall (F) | D99 Other (Specify) (F) | E96 Prisoner Cases (F) |
| B21 Environmental (F) | | E97 Prisoner Habeas Corpus (X) |
| B22 Employment Discrimination (F) | | E99 Other (Specify) (X) |
| B99 Other (Specify) (F) | | |
| E03 Claims against Commonwealth (A) | | |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes   [ ] |

### SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                SUPERIOR COURT DEPT. OF THE TRIAL COURT
                                            CIVIL ACTION
[SEAL]                                      No. BRCV2014-00521-A

Amit Patel _____, Plaintiff(s)

v.

Con-way Freight Inc. and
Ronald Borden _____, Defendant(s)

(TO PLAINTIFF'S ATTORNEY:
   PLEASE INDICATE TYPE OF ACTION INVOLVED: —
   TORT — MOTOR VEHICLE TORT — CONTRACT —
   EQUITABLE RELIEF — OTHER.)

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT: Con-way Freight Inc., through it's agent, Corporation Service Company, 84 State Street, Boston, MA 02109

You are hereby summoned and required to serve upon Peter E. Heppner, Lynch & Lynch plaintiff's attorney, whose address is 45 Bristol Drive, South Easton, MA 02375, an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Taunton either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Barbara J. Rouse, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the 18th day of June, in the year of our Lord ~~one thousand nine hundred and~~ two thousand and fourteen

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

A true copy Attest:
6/27/14  Deputy Sheriff Suffolk County
                                    Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.